IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NA, FKA THE BANK OF NEW YORK TRUST COMPANY, NA, AS SUCCESSOR TO JPMORGAN CHASE BANK, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF TRUMAN MORTGAGE LOAN TRUST 2002-2, ASSET-BACKED CERTIFICATES, SERIES 2002-2,<br><br>　　Plaintiff,<br><br>v.<br><br>RACHEL LOVE AKA RAQUEL LOVE,<br><br>　　Defendant. | Civil Action No. 1:23-cv-160 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff The Bank of New York Mellon Trust Company, NA, fka The Bank of New York Trust Company, NA, as successor to JPMorgan Chase Bank, as trustee, in trust for the Holders of Truman Mortgage Loan Trust 2002-2, Asset-Backed Certificates, Series 2002-2 ("BNYM" or "Plaintiff") complains of Rachel Love aka Raquel Love, Defendant, files this *Original Complaint*, and states as follows:

### I.   PARTIES

1.　Plaintiff is as "mortgagee" is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2.　Michael E. Love ("Decedent") was an obligor under a loan agreement. Decedent died on or about August 15, 2019. Upon information and belief, no probate is open for Decedent's estate in the county where the subject Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedent's respective estates, including an undivided interest in the Property, immediately upon his death. Each Heir is made a party in this proceeding.

4. Defendant Rachel Love aka Raquel Love is a co-borrower and surviving spouse Decedent and may be served with process at 2628 Webster Street, Liberty, TX 77575, or at such other place as he may be found. Summons is requested.

## II.   PROPERTY

5. This proceeding concerns the real property and improvements commonly known as 2628 Webster Street, Liberty, TX 77575, and more particularly described as follows:

> ALL THAT CERTAIN PARCEL OF LAND SITUATED IN THE CITY OF LIBERTY BEING KNOWN AS THE EAST 1/2 OF LOT SEVEN (7) AND THE WEST FORTY (40) FEET OF LOT EIGHT (8), IN BLOCK FIVE (5), OF DAVIDGE SUBDIVISION, AN ADDITION IN OUTER BLOCK EIGHTEEN (18), OF THE CITY OF LIBERTY, LIBERTY COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 1, PAGE 85, OF THE MAP RECORDS OF LIBERTY COUNTY, TEXAS, AND BEING MORE FULLY DESCRIBED IN DEED BOOK 1276, PAGE 201, RECORDED ON 05/05/1989, AMONG THE LAND RECORDS OF LIBERTY COUNTY, TEXAS. (The "Property").

## III.   DIVERSITY JURISDICTION AND VENUE

6. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

7. Plaintiff is a national association and the trustee of a trust. A trustee that possesses "customary powers to hold, manage, and dispose of assets," is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the

real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. A national banking association is considered a citizen of the state in which it is located, as determined by the state of its main office in the articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1348). BNYM's main office is in New York, so Plaintiff is a citizen of New York for diversity purposes.

8. The named Defendant is an individual and citizen of the state of Texas.

9. In this suit, Plaintiff seeks a declaratory judgment to establish a statutory probate lien and to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

10. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

11. Here, the value of the right to be protected is enforcement of a mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety

of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Liberty County Appraisal District values the Property at $107,100.00, in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

12. Venue is proper in the Eastern District of Texas, Beaumont Division, because this suit concerns title to real property located in Liberty County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

## IV.   FACTS

13. The foregoing paragraphs are incorporated by reference for all purposes.

14. On or about July 25, 2000, Decedent and Defendant Raquel Love ("Borrowers") executed a *Loan Agreement* in the principal amount of $33,163.60 originally payable to Associates Home Equity Services, Inc. Concurrently with the execution of the Loan Agreement, Borrowers executed a *Texas Home Equity Security Instrument*, ("Security Instrument") as grantors, granting Associates Home Equity Services, Inc., its successors and assigns, a security interest in the Property. The Deed of Trust was recorded in the official public records of Liberty County, Texas at Volume 1845, pages 478-480. A true and correct copy of the Security Instrument is attached hereto as **Exhibit A**.

15. Associates Home Equity Services, Inc assigned and transferred the Loan Agreement to TCIF LLC as evidenced through an Assignment of Deed of Trust ("Assignment") recorded in the official public records of Liberty County, Texas at Instrument No. 2003003999. A true and correct copy of the Assignment is attached hereto as **Exhibit B**.

16. Subsequently, TCIF LLC assigned and transferred the Loan Agreement to Plaintiff as evidenced through a Corporate Assignment of Deed if Trust recorded in the official public records of Liberty County, Texas at Instrument No. 2016001352. A true and correct copy of the Corporate Assignment of Deed of Trust is attached hereto as **Exhibit C**.

17. On or about August 15, 2019, Decedent passed away. No probate was ever opened for him. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs acquired all of his interest in the Property immediately upon his death—subject to the Loan Agreement debt owed to Plaintiff.

18. Under the terms of the Loan Agreement, the Borrowers are required to pay when due the principal and interest on the debt evidenced by the Loan Agreement, as well as any applicable charges and fees due under the Loan Agreement.

19. The Security Instrument and Loan Agreement further provide that should the Borrowers fail to make payments under the terms as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Security Instrument.

20. The Loan Agreement is currently due for the July 1, 2021 payment and all subsequent monthly payments. Notice of default and request to cure was sent via certified mail to the Borrowers in accordance with the Loan Agreement and the Texas Property Code on January 24, 2022.  A true and correct copy of the Notice of Default is attached hereto as **Exhibit D**.

21. The default was not cured, and the maturity of the debt was accelerated.  Notice of acceleration of loan maturity was sent via certified mail to the Borrowers, in accordance with the Loan Agreement and the Texas Property Code on July 14, 2022.  A true and correct copy of the notice of acceleration is attached hereto as **Exhibit E**.

22. Plaintiff brings this suit to obtain an order for foreclosure.

### V.  CAUSES OF ACTION

#### A.  DECLARATORY JUDGMENT

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. Plaintiff requests a declaration from this Court that it is beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

25. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of Borrowers' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against Defendant for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by the Borrowers, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

### B. STATUTORY PROBATE LIEN

26. The foregoing paragraphs are incorporated by reference for all purposes.

27. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

> a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*
>
> b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

      c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

28. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C. NON-JUDICIAL FORECLOSURE

29. The foregoing paragraphs are incorporated by reference for all purposes.

30. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendant, who also acquired the Property subject to Decedent's debts.

### D. PUBLIC AUCTION

31. The foregoing paragraphs are incorporated by reference for all purposes.

32. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendant, a public auction of the Property would be the most expedient means to put the

Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E. JUDICIAL FORECLOSURE

33. The foregoing paragraphs are incorporated by reference for all purposes.

34. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

35. As the mortgagee of record who has the right to enforce the Loan Agreement and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Liberty County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### F. TRESPASS TO TRY TITLE

36. The foregoing paragraphs are incorporated by reference for all purposes.

37. Concurrent with Plaintiff acquiring all of Defendant's right, title, and interest in the Property—by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure—Plaintiff seeks a declaration and judgment that the Defendant is divested of all of their right, title and interest in the Property and that all of Defendant's right, title, and interest in the Property are vested in Plaintiff. Title as to both Plaintiff and Defendant is derived from a common source.

### G. WRIT OF POSSESSION

38. The foregoing paragraphs are incorporated by reference for all purposes.

39. If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

## H. ATTORNEYS FEES

40. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code § 38.001. Attorneys' fees are not sought as a personal judgment against the Defendant, but only as an additional debt secured by the Security Instrument.

## I. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff The Bank of New York Mellon, as Trustee for the ABFS Mortgage Loan Trust 2003-2, Mortgage Pass-Through Certificates, Series 2003-2 requests that Defendant be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the beneficiary of the Security Instrument and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendant is divested, and the purchaser at foreclosure sale is vested, of all right, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d. Attorney fees and costs of suit; *and*

e. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Texas Bar No. 24093448
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2650 (Phone)
214-635-2686 (Fax)

**ATTORNEYS FOR PLAINTIFF**